ORKIN v. MACHAN.

(Supreme Court, Appellate Division, First Department.    December 29, 1911.)

VENUE (§ 52*)—CHANGE—CONVENIENCE OF WITNESSES.

The place of trial of an action for assault should be changed to the county where the assault was committed, where it appears that the greater number of witnesses reside there.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by Louis Orkin against Alexander Machan. From an order refusing to change the place of trial for the convenience of witnesses, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, SCOTT, and DOWLING, JJ.

Henry Willis Smith, for appellant.
Jacob C. Brand, for respondent.

McLAUGHLIN, J.    Action to recover damages for an assault alleged to have been committed in the county of Sullivan. After issue had been joined, defendant moved to change the place of trial, for the convenience of witnesses, from the county of New York, where the venue was laid, to the county of Sullivan. The motion was denied, and defendant appeals.

From the record it appears that the parties were traveling along a highway in Sullivan county; the plaintiff riding a horse and the defendant driving one attached to a carriage in which were seated two other persons. There is a dispute between the parties as to what occurred when the alleged assault was committed. Plaintiff states that as he came alongside of the defendant's carriage, without any cause or provocation on his part, the defendant struck him with a whip, breaking his glasses, and cutting his face. The defendant states that the horse which he was driving was a high-bred, nervous, irritable animal, and unkind to other horses; that the plaintiff forced his horse against defendant's, and fearing that the horse might kick or bolt, he took a whip and touched plaintiff's horse in order to separate them, which it did, and thereupon plaintiff deliberately backed his horse against the defendant's carriage; that, to prevent an accident, he struck the horse with the whip, and, if plaintiff were injured in any way, it was solely by reason of his own fault.

It is apparent from the record that the greater number of witnesses

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

at the trial reside in Sullivan county. The fact is not disputed there were two other persons residing in Sullivan county who were witnesses to the occurrence, and their affidavits are set out in the record, and they corroborate the defendant. Plaintiff is not corroborated in his statement by any one, though he states there are two persons residing in Kings county who were driving on the same highway only a short distance ahead of him and saw what took place. This fact, however, is denied, and the affidavits of such persons, or either of them, are not produced. Nor is the fact disputed that, if it becomes necessary to prove the disposition of defendant's horse, there are at least six material witnesses residing in Sullivan county. The alleged cause of action having arisen in Sullivan county, and the greater number of witnesses residing there, I am of the opinion the motion should have been granted.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

